Andrés García Vargas, Appellant, *v.* Registrar of Property of Caguas, Respondent.

No. 1190.   Submitted November 4, 1946.—Decided November 27, 1946.

*A. L. López* for appellant.   The registrar appeared by brief.

Mr. Chief Justice Travieso delivered the opinion of the court.

Tomasa Miranda, married to Juan I Vilches, filed in the District Court of Caguas a motion in which she alleged that she appeared for herself and on behalf of her above-named husband, who is suffering from insanity and is confined in a clinic by order, and at the expense of, the Government of the United States; that her husband owns, as community property, a 12-acre (*cuerda*) tract and a 2.70-acre condominium in the undivided one-half of another property of 35 acres; that it is useful and necessary for the incapacitated person and for the petitioner that both properties be sold; and concluded by praying that the properties be sold at public auction to the highest bidder.   The motion was granted, and the marshal of the court, in compliance with an order issued by the latter, sold the two properties at public auction and awarded both of them to Andrés García Vargas.   By a deed of judicial sale, dated January 4, 1946, the marshal, "in representation and on behalf of the petitioner Tomasa Miranda de Vilches and of her husband Juan I. Vilches," sold the properties to said Andrés García Vargas.   The deed was presented for record, and the registrar recorded the same "subject to the curable defect of the failure of Tomasa Miranda de Vilches to appear in the deed in order to ratify the sale as to one-

half of the real estate belonging to her as community property." Feeling aggrieved by that decision, the purchaser García Vargas instituted the present appeal.

We think that the decision appealed from should be reversed. The documents incorporated in the record show that Mrs. Miranda de Vilches appeared before the district court in her own right and on behalf of her incapacitated husband, and obtained from that court an order authorizing the marshal to sell at public auction the two properties owned by both petitioners. The marshal complied with that order and sold not only the one-half interest belonging to the incapacitated husband. but also the remaining one-half, owned by the petitioning wife. Since the latter had already given her consent and authorization for the sale to be effected by the marshal, it was not necessary that she should again appear in order to ratify an action performed at her instance and with her previous and express authorization. See *Rivera* v. *Registrar,* 65 P.R.R. 298.

The decision is reversed, and the registrar should record the deed without any defect whatsoever.